[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:DEFENDANT'S MOTION TO STRIKE (NO. 107)
I
This is an action for personal injury brought by the plaintiff, Paul Blais, against the defendant operator, Robert Salomon, and the defendant lessor of Salomon's vehicle, Toyota Motor Credit Co. (Toyota), which arose out of an automobile collision. Count I of the complaint claims negligence against Salomon, Count II claims recklessness against Salomon, and Count III alleges statutory liability against Toyota pursuant to General Statutes § 42-154a. The plaintiff also seeks double and/or treble damages pursuant to General Statutes § 14-295. Salomon filed a motion to strike Count II of the plaintiff's complaint and that part of the plaintiff's prayer for relief seeking double and/or treble damages, on the grounds that the plaintiff has failed to allege facts to support its claim of recklessness that are different and distinct from those upon which the plaintiff relies to support its claim of negligence.
 II
This court, while acknowledging the split of authority among the Superior Courts of this state, has previously stated that it follows the view that a plaintiff must allege additional facts to support a claim of recklessness that are different and distinct from those upon which he or she relies to support a claim of negligence. E.g., Murray v. Krupa, Superior Court, judicial district of New London, at Norwich, Docket No. 10 72 33 (October 2, 1995, Teller, J.); Zawaski v. Corbitt, Superior Court, judicial district of New London, at Norwich, Docket No. 10 43 55 (May 2, 1994, Teller, J.).
The plaintiff in the present case has done no more in Count II than to relabel the corresponding paragraph in Count I that alleges negligence as recklessness. "The reiteration of acts previously asserted to support a cause of action in CT Page 13682 negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature. . . ." (Citation omitted, internal quotation marks omitted.) Zawaski v. Corbitt,
supra. It follows that Count II of the complaint is insufficient to withstand the motion to strike, and Salomon's motion is therefore granted.
Salomon also moves to strike that portion of the plaintiff's prayer for relief seeking double and/or treble damages pursuant to § 14-295, Since Count II of the complaint has been stricken, this part of the plaintiff's prayer for relief must also fail. Accordingly Salomon's motion to strike the enhanced damages claim is also granted.
Teller, J.